IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNY RAMIREZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF HACKENSACK,<br><br>　　　　　　　Defendants. | Civ. A. 2:23-cv-03216<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION AND OVERVIEW

1.  Plaintiff, Denny Ramirez, brings this class action individually, and on behalf of a class of current and former Hackensack Sanitation Department employees employed at any time from January 1, 2003 to present who were deprived of their full contractual holiday pay based on their race.

2.  Specifically, this case is about Defendant City of Hackensack (the "City") failing to pay Sanitation Department employees, who are by and large racial and/or ethnic minorities, their contractual holiday pay rate of double time and one-half, but paying Department of Public Works ("DPW") employees, who are by in large Caucasian, their contractual holiday pay rate of double time and one-half, despite both departments being bound by the same collective bargaining agreement.

3.  Plaintiff seeks monetary damages individually and for each Class member who has suffered from the wrongful acts of the City as described herein, a declaration that the City's acts were unconstitutional, and an injunction precluding the City from continuing its unconstitutional acts.

## NATURE OF ACTION

4.      Denny Ramirez has been a Sanitation Department employee for over 30 years and currently serves as union shop steward ("Plaintiff").

5.      For over 20 years, the City has been discriminating against Plaintiff and all other Sanitation Department employees based on their race by intentionally paying them less for working holidays than their DPW counterparts who are bound by the same collective bargaining agreement.

6.      Based on the City's conduct Plaintiff asserts the following statutory of causes of action:

    a.   Racial Discrimination, 42 U.S.C. § 1981;

    b.   Equal Protection, 42 U.S.C. § 1983;

    c.   New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1, *et seq*.

## PARTIES

7.      Plaintiff Dennis Ramirez is, and at all times relevant hereto has been, a resident of the State of New Jersey ("Plaintiff"). Plaintiff is an employee with the City's Sanitation Department and currently serves as union shop steward. Plaintiff is Hispanic.

8.      Defendant City of Hackensack is a municipality organized and existing under the laws of the State of New Jersey with principal offices located at 65 Central Avenue, Hackensack, New Jersey 07601 (the "City").

**JURISDICTION AND VENUE**

9.      Jurisdiction is conferred upon this Court by presence of federal questions, and 42 U.S.C. §§ 1981 and 1983, which provide original jurisdiction for Plaintiff's claims.

10.     This Court has supplemental jurisdiction over Plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367 because the state claim forms part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all actions complained of herein have taken place within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits.

**CLASS ACTION ALLEGATIONS**

12.     Plaintiff brings this action pursuant to Rules 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated City of Hackensack Sanitation Department employees who were deprived of their full contractual holiday pay based on their race.

13.     The Class that Plaintiff seeks to represent is defined as:

> Any individual employed by the City of Hackensack's Sanitation Department who worked a designated holiday and was not paid double time and one-half during the "Class Period."

14.     The Class Period commences on January 1, 2003 and extends to the date on which the City is enjoined from, or otherwise ceases from, unlawfully discriminating against Plaintiff and the Class members based on their race.

15.     This action may be brought and properly maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

16.     The Class members are so numerous as to render joinder impracticable. There have been hundreds of Hackensack Sanitation Department employees over the past 20 years who have been deprived of their contractual holiday pay as a result of the City's unlawful racial discrimination.

17.     Joinder of these individuals is impracticable because of the large number of Class members and the fact that the Class members are likely dispersed over a large geographical area, with some members residing outside Bergen County and this Court's jurisdiction. Furthermore, many Class members are low-income persons, may not speak English, may not know their rights, and likely would have great difficulty in pursuing their rights individually.

18.     Common questions of law and fact exist as to all Class members that predominate over any questions that affect only individual Class members. The predominant common questions of law and fact include, without limitation, whether the City's knowing failure to pay the Class members their contractual holiday pay of double time and one-half based on their race violated 42 U.S.C. § 1981, the Fourteenth Amendment, and/or the NJLAD during the Class period.

19.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff and the Class members sustained damages arising out of the City's unlawful racial discrimination. The harm suffered by Plaintiff is typical of the harm suffered by the Class members.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of the individual Class members would be impossible. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual Class members to redress the wrongs done to them. The cost to the federal court system of adjudicating hundreds of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court

system. By contrast, to conduct this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class member.

21.    Plaintiff has retained counsel with substantial experience and success in the prosecution of class action and civil rights litigation. Plaintiffs are being represented by Gerald J. Williams, Christopher Markos, and Dylan T. Hastings of Williams Cedar LLC. Plaintiff's counsel have the resources, expertise, and experience to successfully prosecute this action against the City. Plaintiff has no conflicts between himself and the Class members, or between counsel and the Class members.

22.    Upon information and belief, there are no other actions pending to address the City's violations of Plaintiff's civil rights.

23.    In addition to, and in the alternative, Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(3) or partial certification under Fed. R. Civ. 23(c)(4).

## FACTS COMMON TO ALL COUNTS

24.    The City's Sanitation Department has at all material times been staffed by racial and/or ethnic minorities who are responsible for garbage and recycling collection throughout the City.

25.    The City, by and through its managerial employees and policymaking officials, has actual knowledge of the demographic composition of the Sanitation Department Employees.

26.    The DPW has at all material times been staffed by Caucasians who are responsible for maintaining City owned property.

27.    The DPW and Sanitation Department are represented by the same collective bargaining agents, the unions identified hereinafter.

28.     In 2002/03, the City and Teamsters Local 560, on behalf of the DPW and Sanitation Department, negotiated a collective bargaining agreement for the period January 1, 2003 to December 31, 2007 which was subsequently extended to January 2015 (the "2003 CBA").

29.     The 2003 CBA established a holiday work schedule for Sanitation Department employees which is still in effect today:

> 15.5   The City agrees to establish an annual Sanitation work schedule such that no less than seven (7) holidays are to be work days/collection days for the Garbage Collection Crews, the Container Collection Crews and the Recycling Collection Crews.

30.     Under the terms of the 2003 CBA, employees working holidays were entitled to "double time and one-half (2-1/2)."

> 17.5   Subject to the provisions of Section 17.6, employees required to work on a holiday shall be paid the total rate of double time and one-half (2-1/2) for all hours work on that holiday provided however that they have worked a minimum of forty (40) hours in that work week.

31.     By contrast, employees working regular "overtime" were entitled to "time and one-half (1-1/2)" under the 2003 CBA.

32.     However, neither Plaintiff nor the Class members ever received double time and one-half for working holidays during the 2003 CBA term. Instead, they were only paid time and one-half, i.e. regular overtime.



***February 28, 2003 Sanitation Department employee pay stub for a pay period including 2 paid holidays, President's Day and Lincoln's birthday. However, this employee was only paid time and one-half rather than double time and one-half.***

33.     Meanwhile, unbeknownst to Plaintiff, DPW employees were appropriately paid double time and one-half for holidays worked during the 2003 CBA term.

34.     When Plaintiff's union shop steward sought clarification from the City's managerial and/or policymaking employees regarding the holiday pay discrepancy during the 2003 CBA term, the City represented that the pay rate was correct.

35.     In 2014/15, the City and the United Public Service Employees' Union ("UPSEU"), on behalf of the DPW and Sanitation Department, negotiated a CBA for the period of January 1, 2015 to December 31, 2017 (the "2015 CBA").

36.     The 2015 CBA contained the same provision entitling employees working on holidays to a pay rate of "double time and one-half 2-1/2."

> **16.5**   Subject to the provisions of Section 17.6, employees required to work on a holiday shall be paid the total rate of double time and one-half (2-1/2) for all hours work on that holiday provided however that they have worked a minimum of forty (40) hours in that work week.

37.     Likewise, employees working regular overtime were still entitled to time and one-half pay.

38.     However, neither Plaintiff nor the Class members ever received double time and one-half for working holidays during the 2015 CBA term. Instead, they continued to receive time and one-half, i.e. regular overtime.

39.     Meanwhile, unbeknownst to Plaintiff, DPW employees continued to receive double time and one-half for working holidays during the 2015 CBA term.

40.     When Plaintiff's shop steward sought clarification from the City's managerial and/or policymaking employees regarding the holiday pay discrepancy, the City once again represented that the pay rate was correct.

41.     In 2017/18, the City and the UPSEU, on behalf of the DPW and Sanitation Department, negotiated a CBA for the period of January 1, 2018 to December 31, 2021 (the "2018 CBA").

42.     The 2018 CBA contained the same provision entitling employees working on holidays to a pay rate of "double time and one-half 2-1/2."

> 16.5    Subject to the provisions of Section 17.6, employees required to work on a holiday shall be paid the total rate of double time and one-half (2-1/2) for all hours work on that holiday provided however that they have worked a minimum of forty (40) hours in that work week.

43.     Likewise, employees working regular overtime were still entitled to time and one-half pay.

44.     However, neither Plaintiff nor the Class ever received double time and one-half for working holidays during the 2018 CBA term. Instead, they continued to receive time and one-half, i.e. regular overtime.

8



***February 3, 2023 Sanitation Department employee pay stub for a pay period including a paid holiday, MLK Day. However, this employee was only paid time and one-half rather than double time and one-half.***

45.     Meanwhile, unbeknownst to Plaintiff, DPW employees continued to receive double time and one-half for working holidays during the 2018 CBA term.

| Voucher Id | Check Amount | Gross Pay | Net Pay | | Check M |
|---|---|---|---|---|---|
| | $0.00 | $3,585.63 | $1,543.60 | | |

| EARNINGS | *Not included in Totals | | ^Hrs/Units = Units (Units not included in Totals) | | TAXES | | |
|---|---|---|---|---|---|---|---|
| Description | Rate | Hrs/Units | Dollars YTD Hrs/Units | YTD Dollars | Description | Current | YTD |
| Double Time And | 90.1443 | 7.00 | 631.01   7.00 | 631.01 | SOC SEC EE | 208.24 | 595.96 |
| Salary | 36.0577 | 80.00 | 2,884.62   240.00 | 8,653.86 | MED EE | 48.70 | 139.38 |
| Stipend | 36.0577 | | 70.00 | 280.00 | FEDERAL WH | 395.24 | 1,083.65 |
| Overtime | | | 0.00   9.50 | 513.82 | NEW JERSEY WH | 159.07 | 444.74 |
| Double Time | | | 0.00   2.00 | 144.23 | NEW JERSEY SUI | 4.49 | 12.87 |
| Emergency Lunch | | | 0.00 | 70.00 | NJ EE FLI | 2.16 | 6.18 |

***February 3, 2023 DPW employee pay stub for a pay period including a paid holiday, MLK Day. This employee was paid double time and one-half for working the holiday.***

46.     When Plaintiff's shop steward sought clarification from the City's managerial and/or policymaking employees regarding the holiday pay discrepancy during the 2018 CBA term, the City once again represented that the pay rate was correct.

47.     At this time, the 2018 CBA terms are still in effect as no new CBA has been agreed upon.

48.     In or around 2023, Plaintiff learned that the City, through its managerial and/or policymaking employees, has been paying DPW employees double time and one-half for working holidays since January 1, 2003.

49.     Even when Plaintiff, acting as union shop steward, sought clarification from the City's managerial and/or policymaking employees regarding the holiday pay discrepancy during the 2018 CBA term, he was informed that the pay rate was correct.

50.     The City, through its managerial and/or policymaking employees, misled Plaintiff and the Class members to believe that they were being paid the correct rate for working holidays.

51.     The City, through its managerial and/or policymaking employees, did not pay Plaintiff and the Class members their double time and one-half holiday pay and misled them because of their race.

52.     To date, Plaintiff has never been paid double time and one-half for working holidays during the Class period.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF V. DEFENDANT
### 42 U.S.C. § 1981 – RACIAL DISCRIMINATION

53.     Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

54.     The City violated 42 U.S.C. § 1981 through its intentional failure to pay Plaintiff and the Class members double time and one-half for working holidays because of their race.

55.     As a direct and proximate result of the City's racial discrimination, Plaintiff and the Class members have suffered, and will continue to suffer, loss of wages, loss of benefits, loss of pension benefits, and past and future expenses among other damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

      i.       Enter a declaratory judgment that the City's acts complained of herein have violated and continue to violate the rights of Plaintiff and the Class members as secured by the United States Constitution;

     ii.      Enjoin the City from continuing said discriminatory practices;

    iii.     Award Plaintiff and the Class members compensatory damages including but not limited to past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of benefits, and other damages;

    iv.     Award reasonable costs and attorney's fees; and

     v.      Grant any other relief this Court deems just and proper.

**COUNT II**
**PLAINTIFF V. DEFENDANT**
**42 U.S.C. § 1983 – EQUAL PROTECTION**

56.     Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

57.     The City violated provisions of 42 U.S.C. § 1983, in that the City, acting under color of State law, deprived Plaintiff and the Class members of the privileges and immunities secured to them by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, in particular, the right to be free from racial discrimination.

58.     The City did not pay Plaintiff and the Class members double time and one-half for working holidays because of their race.

59.     No rational basis exists for this discrimination.

60.     It is the policy and custom of the City to discriminate against minorities such as Plaintiff and the Class members. As a consequence of this policy and custom, the City discriminated against Plaintiff and the Class members by not paying them double time and one-

11

half for working holidays in violation of their Fourteenth Amendment rights which represents the

position of the City and renders it liable for said constitutional violations.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

i.   Enter a declaratory judgment that the City's acts complained of herein have violated and continue to violate the rights of Plaintiff and the Class members as secured by the United States Constitution;

ii.   Enjoin the City from continuing said discriminatory practices;

iii.   Award Plaintiff and the Class members compensatory damages including but not limited to past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of benefits, and other damages;

iv.   Award reasonable costs and attorney's fees; and

v.   Grant any other relief this Court deems just and proper.

**COUNT III**
**PLAINTIFF V. DEFENDANT**
**NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq.**

61.   Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

62.   Pursuant to Article 1 of this State's Constitution, all persons have the right to be free from racial discrimination, among other rights.

63.   The City interfered with these rights by not paying Plaintiff and the Class members double time and one-half for working holidays consistent with the CBAs.

64.   By its conduct, the City has violated, and continues to violate, the New Jersey State Constitution and the United States Constitution.

65.    Pursuant to the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-2, any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

66.    By its conduct, the City has violated the New Jersey Civil Rights Act by interfering with Plaintiff's and the Class Members' State substantive and procedural due process rights including the right to be free from racial discrimination.

67.    As a direct and proximate result of the actions of the City, Plaintiff and the Class members have suffered, and will continue to suffer, loss of wages, loss of benefits, loss of pension benefits, and past and future expenses among other damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    i.    Enter a declaratory judgment that the City's acts complained of herein have violated and continue to violate the rights of Plaintiff and the Class members as secured by the United States Constitution;

    ii.    Enjoin the City from continuing said discriminatory practices;

    iii.    Award Plaintiff and the Class members compensatory damages including but not limited to past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of benefits, and other damages;

    iv.    Award reasonable costs and attorney's fees; and

    v.    Grant any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**WILLIAMS CEDAR LLC**

/s/ Dylan T. Hastings
Gerald J. Williams, Esquire
Attorney I.D. No. 6831987
Christopher Markos, Esquire
Attorney I.D. No. 022282010
Dylan T. Hastings, Esquire
Attorney I.D. No. 166672016
One South Broad Street, Suite 1510
Philadelphia, PA 19107
Phone: 215-557-0099
Facsimile: 215-557-0673
gwilliams@williamscedar.com
dhastings@williamscedar.com
*Attorneys for Plaintiffs*

Dated: June 12, 2023