NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 1, 2024

Christopher Markos
Williams Cedar, LLC
One South Broad Street, Suite 1510
Philadelphia, PA 19107
*Counsel for Plaintiff Denny Ramirez*

Mary Anne Groh
Cleary Giacobbe Alfieri Jacobs, LLC
169 Ramapo Valley Road, Suite 105 - UL
Oakland, NJ 07436
*Counsel for Defendant City of Hackensack*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   *Denny Ramirez v. City of Hackensack, et al.*,
      Civil Action No. 23-3216 (SDW) (SDA)

Counsel:

Before this Court is Defendant City of Hackensack's ("Defendant" or "the City") motion to dismiss (D.E. 21 ("Motion")) Plaintiff Denny Ramirez's ("Plaintiff") Second Amended Complaint (D.E. 34 ("Complaint")) pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, Defendant's Motion is **GRANTED**, and the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as against the City and the John Doe Defendants.[1]

**BACKGROUND & PROCEDURAL HISTORY**

The Court refers to its prior letter opinion dated March 12, 2024 (D.E. 15) for a fuller recitation of the broader factual background.

On April 9, 2024, Plaintiff filed the First Amended Complaint, which added the United Public Service Employees Union (the "Union") and Robert Gillman as Defendants and alleged that they breached their duty of fair representation by entering into a settlement agreement

---

[1] While the parties do not address the issue in their briefing, this Court finds that the briefing and analysis applies with equal force to the John and Jane Doe Defendants, whom Plaintiff alleges are City employees that participated in the alleged discrimination. (D.E 34 ¶ 13.)

("Settlement Agreement") with the City on Plaintiff's behalf. (D.E. 17.) On May 7, 2024, the City moved to dismiss the First Amended Complaint. (D.E. 21.) The parties timely completed briefing. (D.E. 27; 29.) On June 21, 2024, the Union and Mr. Gillman filed a motion to dismiss the First Amended Complaint. (D.E. 31.) On July 1, 2024, Plaintiff filed the Second Amended Complaint, which dropped the claim against Mr. Gillman. The Union originally objected to the filing of the Second Amended Complaint (D.E. 35), but then answered the Second Amended Complaint (D.E. 36) and withdrew the objection. (D.E. 39.) The parties to this Motion have agreed that the arguments raised in the briefing can be applied to the Second Amended Complaint without the need for additional briefing. Indeed, this Court has compared the First Amended Complaint to the Second Amended Complaint and agrees that it is identical with respect to allegations against the City.

**STANDARD OF REVIEW**

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). This ensures that the federal courts are resolving "the legal rights of litigants in actual controversies." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982). A complaint must be dismissed for lack of subject matter jurisdiction if no case or controversy exists before the Court. *See Cospito v. Califano*, 89 F.R.D. 374, 379 (D.N.J. 1981) (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962)).

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Cons. Class Action (Schering Plough)*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court because, for example, . . . there is no indication of a diversity of citizenship among the parties." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (alterations in original) (quoting *Const. Party of Pa.*, 757 F.3d at 358). Conversely, "a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Const. Party of Pa.*, 757 F.3d at 358 (alterations in original) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). When considering a factual attack, a court "may look beyond the pleadings to ascertain the facts." *Id.*

The City does not indicate whether it is challenging subject matter jurisdiction facially or factually. However, in coming to the conclusions reached in this opinion, this Court relies solely on the existence of the Settlement Agreement, which is referenced in the Complaint.

**DISCUSSION**

As this Court previously explained, Article III of the United States Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. "To satisfy the Art. III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

At this stage, Plaintiff's claims against the City cannot be redressed by a favorable judicial decision because they have already been settled. Plaintiff essentially argues that he and his purported class might have redressable claims against the City in the event that the Settlement Agreement is set aside. That very well may be true. But federal courts "may not…give opinions advising what the law would be upon a hypothetical state of facts." *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Plaintiff does not allege that the City committed any wrongdoing with respect to the Settlement Agreement; he instead alleges that the Union did not have authority to bind him to the settlement in the first instance. Whether that claim against the Union has any merit will be determined in due time, and discovery on that claim may uncover facts which would support a standalone claim against the City and/or other alleged bad actors. However, based on Plaintiff's own allegations in the Complaint, Plaintiff and the City have definitively settled their holiday-pay discrimination claims.

This Court notes for all parties that, as this case now presently stands, Plaintiff's sole remaining claim is for breach of fair duty of representation against the Union under state law. While Plaintiff does not explicitly allege diversity jurisdiction in his Complaint, he does allege that he resides in New Jersey (D.E. 34 ¶ 11) and that the Union maintains its headquarters in New York. (*Id.* ¶ 14.) Based on the allegations against the Union, this Court is satisfied that the amount-in-controversy exceeds $75,000. Notwithstanding that the Union has answered the Second Amended Complaint, they remain free to challenge subject matter jurisdiction if they have reason to believe that the Court's conclusion is incorrect in this regard. *See Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**, and the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as against the City and the John Doe Defendants. An appropriate order follows.

      /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Stacey D. Adams, U.S.M.J.
       Parties